Robert Kelly STINNER, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4174.

Supreme Court of Wyoming.

Nov. 26, 1973.

Edward P. Moriarity, McClintock, Mai, Urbigkit & Moriarity, Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., Frederic C. Reed, Asst. Atty. Gen., Michael L. Wass, Legal Intern, Cheyenne, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE and McINTYRE, JJ., and MAIER, D. J.

PER CURIAM.

This is an appeal from a district court's denial of a combined motion to vacate guilty plea, with the resulting sentence, and for new trial in a case wherein defendant had pleaded guilty to attempting to enter a locked building with the intent to steal or commit a felony therein in violation of § 6–129, W.S.1957, which statute carried a maximum sentence of fourteen years. The record reflects his representation by appointed counsel and his arraignment before a justice of the peace, at which time he was advised of his rights, waived preliminary hearing, and was bound over to the district court, where he first pleaded not guilty but later requested that his plea be changed to guilty. After a presentence investigation the court sentenced defendant to a term of three to four years in the penitentiary, whereupon he asked for and was allowed a second appointed counsel, who on his behalf presented the motion from denial of which this appeal is taken.

The basis of defendant's motion was that prior to the change of his plea, at the instance of his parents, he had talked by telephone to the justice of the peace before whom he had been arraigned, a person with whom his father had been well acquainted. He said that in the conversation the justice of the peace had asked him if he had not been caught more or less red-handed and upon his admitting this to be correct the justice of the peace had said that in his experience courts were apt to be more lenient to persons who were clearly guilty if instead of standing trial they pleaded guilty.

The evidence concerning such purported conversation and the circumstances which precipitated it are unclear; but even if it be assumed that the incident took place just as defendant testified, this provided no basis whatever for the withdrawal of the guilty plea; and the brief and argument here are devoid of persuasive authority justifying the allowance of the motion to vacate the sentence or grant a new trial. Moreover, the record shows the defendant was not without criminal experience—he having previously violated criminal laws with resulting incarceration. The record also reflects that the district court in this instance carefully and repeatedly advised defendant of his rights, stated the maximum sentence, and on two occasions interrogated him as to the voluntary nature of his plea—at the time of making it and again after the presentence investigation before sentencing. Each time defendant assured the court that the plea was voluntary. He will not be heard to gainsay that now. The appeal is wholly without merit.

Affirmed.

McCLINTOCK, J., not participating.